# TAB A

Filing # 44526307 E-Filed 07/28/2016 09:43:34 AM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

Case No.______________________

**DAVID WARD,** individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.,**
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff **DAVID WARD**, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants, GULLIVER SCHOOLS, INC., a Florida Not For Profit Corporation, individually; GLORIA SESANA, individually; ALEXANDER R. ACOSTA, individually; TONY FIGUEROA CISNEROS, individually; SWAPNIL J. SHAH, individually; JOCELYN WOOLWORTH, individually; FRANK STEEL, individually; SUSAN HENKIN, individually; CHARLIE PHELAN, individually; MICHALIS STAVRINIDES,

individually; ANA HUGHES FREUND, individually; and VINCENT SIGNORELLO, individually; collectively ("Defendants"), and in support avers as follows:

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, residents of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, GULLIVER SCHOOLS, INC., a Florida Not For Profit Corporation, located in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, GLORIA SESANA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

6. Defendant, ALEXANDER R. ACOSTA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

7. Defendant, TONY FIGUEROA CISNEROS, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

8. Defendant, SWAPNIL J. SHAH, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

9. Defendant, JOCELYN WOOLWORTH, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

10. Defendant, FRANK STEEL, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

11. Defendant, SUSAN HENKIN, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

12. Defendant, CHARLIE PHELAN, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

13. Defendant, MICHALIS STAVRINIDES, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

14. Defendant, ANA HUGHES FREUND, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

15. Defendant, VINCENT SIGNORELLO, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, GULLIVER SCHOOLS, INC.

16. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

17. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

18. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS**

19. Plaintiff performed work for Defendants as a non-exempt employee from on or about October, 2012, through on or about December, 2014.

20. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

21. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

22. Plaintiff, during relevant time period, from on or about October, 2012, through on or about December, 2014, worked approximately ten (10) overtime hours each week for which he was not paid 1.5 times his regular rate as provided by the FLSA.

**COUNT I**
***Wage & Hour Federal Statutory Violation against***
**GULLIVER SCHOOLS, INC.**

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

24. This action is brought by Plaintiff to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

25. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

26. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States

and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

27. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

28. By reason of the foregoing, the corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

29. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

30. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

31. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
***Wage & Hour Federal Statutory Violation against***
***GLORIA SESANA***

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

33. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GULLIVER SCHOOLS, INC.

34. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

35. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

36. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
***Wage & Hour Federal Statutory Violation against ALEXANDER R. ACOSTA***

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

38. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GULLIVER SCHOOLS, INC.

39. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

40. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

41. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**
***Wage & Hour Federal Statutory Violation against TONY FIGUEROA CISNEROS***

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

43. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GULLIVER SCHOOLS, INC.

44. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

45. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

46. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
***Wage & Hour Federal Statutory Violation against***
***SWAPNIL J. SHAH***

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

48. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GULLIVER SCHOOLS, INC.

49. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

50. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

51. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff

these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**
***Wage & Hour Federal Statutory Violation against***
***JOCELYN WOOLWORTH***

52. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

53. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GULLIVER SCHOOLS, INC.

54. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

55. Defendant had operational control of the business and is thus jointly liable for Plaintiff's

damages.

56. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VII**
***Wage & Hour Federal Statutory Violation against***
***FRANK STEEL***

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

58. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GULLIVER SCHOOLS, INC.

59. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted

directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

60. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

61. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### *Wage & Hour Federal Statutory Violation against SUSAN HENKIN*

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

63. At the times mentioned, Defendant was, and is now, a corporate officer of corporate

Defendant, GULLIVER SCHOOLS, INC.

64. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

65. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

66. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX
***Wage & Hour Federal Statutory Violation against***
***CHARLIE PHELAN***

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

68. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GULLIVER SCHOOLS, INC.

69. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

70. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

71. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT X**
***Wage & Hour Federal Statutory Violation against MICHALIS STAVRINIDES***

72 Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

73. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GULLIVER SCHOOLS, INC.

74. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

75. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

76. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT XI**
***Wage & Hour Federal Statutory Violation against***
***ANA HUGHES FREUND***

77. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

78. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GULLIVER SCHOOLS, INC.

79. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

80. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

81. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT XII**
***Wage & Hour Federal Statutory Violation against VINCENT SIGNORELLO***

82. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

83. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GULLIVER SCHOOLS, INC.

84. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

85. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

86. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff

these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 7/27/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No. ______________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
_______________________________________/

**SUMMONS IN A CIVIL CASE**

**GULLIVER SCHOOLS, INC.**
Registered agent:
**WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.**
c/o Joseph M. Hernandez, Esq.
2525 Ponce De Leon Boulevard, Suite 700
Coral Gables, FL 33134

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

______________________________
CLERK DATE

______________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.____________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
______________________________/

**SUMMONS IN A CIVIL CASE**

**GLORIA SESANA**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

______________________________
CLERK DATE

______________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.__________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
____________________________/

**SUMMONS IN A CIVIL CASE**

**ALEXANDER R. ACOSTA**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within <u>**20 days**</u> after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

____________________________
CLERK DATE

____________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.____________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
______________________________/

**SUMMONS IN A CIVIL CASE**

**TONY FIGUEROA CISNEROS**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

______________________________
CLERK DATE

______________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.____________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
______________________________/

**SUMMONS IN A CIVIL CASE**

**SWAPNIL J. SHAH**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

______________________________
CLERK DATE

______________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.________________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
__________________________________/

**SUMMONS IN A CIVIL CASE**

**JOCELYN WOOLWORTH**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

____________________________________
CLERK DATE

____________________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.________________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
________________________________/

**SUMMONS IN A CIVIL CASE**

**FRANK STEEL**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

____________________________________
CLERK DATE

____________________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.____________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
______________________________/

**SUMMONS IN A CIVIL CASE**

**SUSAN HENKIN**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

______________________________
CLERK DATE

______________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.______________________

**DAVID WARD,** individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.,**
a Florida Not For Profit Corporation,
**GLORIA SESANA,** individually;
**ALEXANDER R. ACOSTA,** individually;
**TONY FIGUEROA CISNEROS,** individually;
**SWAPNIL J. SHAH,** individually;
**JOCELYN WOOLWORTH,** individually;
**FRANK STEEL,** individually;
**SUSAN HENKIN,** individually;
**CHARLIE PHELAN,** individually;
**MICHALIS STAVRINIDES,** individually;
**ANA HUGHES FREUND,** individually;
**VINCENT SIGNORELLO,** individually;

Defendant(s).
______________________________________/

**SUMMONS IN A CIVIL CASE**

**CHARLIE PHELAN**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

______________________________________
CLERK DATE

______________________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.________________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
________________________________/

**SUMMONS IN A CIVIL CASE**

**MICHALIS STAVRINIDES**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within <u>20 days</u> after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

____________________________________
CLERK DATE

____________________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.________________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
________________________________/

**SUMMONS IN A CIVIL CASE**

**ANA HUGHES FREUND**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

________________________________
CLERK DATE

________________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.____________________

**DAVID WARD**, individually;
and other similarly situated individuals,

Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.**,
a Florida Not For Profit Corporation,
**GLORIA SESANA**, individually;
**ALEXANDER R. ACOSTA**, individually;
**TONY FIGUEROA CISNEROS**, individually;
**SWAPNIL J. SHAH**, individually;
**JOCELYN WOOLWORTH**, individually;
**FRANK STEEL**, individually;
**SUSAN HENKIN**, individually;
**CHARLIE PHELAN**, individually;
**MICHALIS STAVRINIDES**, individually;
**ANA HUGHES FREUND**, individually;
**VINCENT SIGNORELLO**, individually;

Defendant(s).
______________________________/

**SUMMONS IN A CIVIL CASE**

**VINCENT SIGNORELLO**
9350 S. Dixie Highway, 11th Floor
Miami, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

______________________________
CLERK DATE

______________________________
(BY) DEPUTY CLERK