U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE #: 16-23749-CIV-MORENO

**DAVID WARD,**
And other similarly situated individuals,

    Plaintiff(s),

vs.

**GULLIVER SCHOOLS, INC.,** et. al.

    Defendan(s).

_____/

## PLAINTIFF'S STATEMENT OF CLAIM

Plaintiff, **DAVID WARD** (hereinafter "Plaintiff"), by and through undersigned counsel, hereby submits, pursuant to this Honorable Court's Order, dated September 9, 2016 as D.E. No. 9, Plaintiff's Statement of Claim. As grounds, Plaintiff respectfully states as follows:

1. Plaintiff endeavored at this stage of litigation to formulate his Statement of Claim on the basis of the best data available. In addition, this response is based upon Plaintiff's counsel's understanding of the facts and the information reviewed thus far.

2. Although there has not been an opportunity for formal discovery, this Statement of Claim is submitted for the purpose of complying with this Honorable Court's Order in Actions Brought Under the Fair Labor Standards Act. Defendants and/or persons who are non-parties or who are no longer employees of Defendants may have relevant information or documents, but Plaintiff is not purporting to provide in this Statement of Claim, confirmed information, if any, presently possessed by such persons.

3. Discovery is ongoing, thus this Statement of Claim, while believed to be accurate, does not constitute an affidavit or a binding statement and is subject to the Federal Rules of Evidence and Procedure. Because additional facts likely would be uncovered through discovery, the Plaintiff in no way waives his right to present new or additional information at a later date, for substance or clarification. Moreover, by submitting this Statement of Claim, the Plaintiff does not waive, and hereby preserves, any and all substantive and procedural rights that may exist.

4. **Initial Estimate of the Total Amount of Alleged Unpaid Wages**: Plaintiff at this time alleges that a pre-discovery estimate that is due and owing to Plaintiff is: **Fifty Four Thousand and Ninety Dollars and 00/100 ($54,090)**—this amount includes liquidated damages.

5. **Calculation of Unpaid Wages**: Plaintiff calculates the amount of unpaid wages that is due and owing as follows: The Fair Labor Standards Act requires that most employees be paid at least the Federal minimum wage for all hours worked and overtime pay at time and one-half the regular pay for all hours worked over forty (40) in a workweek. In the case at bar, Plaintiff was paid above the statutory minimum wage. Specifically, Plaintiff was paid $50,000.00 per year (approximately $24.04 per hour). Plaintiff's overtime rate of pay should have been $36.06 ($24.04 x 1.5). Defendants failed to pay Plaintiff the proper overtime rate for all post-forty hours worked, as required by law. Had Defendants complied with the federal law, Plaintiff's overtime rate of pay would have been $36.06 per hour post-forty from on or about from July 27, 2013 through on or about December, 2014 (75 weeks). The calculations for unpaid overtime wages

are illustrated in the following chart.

6. Plaintiff performed work for Defendants as a non-exempt employee from on or about from July 27, 2013 through on or about December, 2014.

7. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week, and was not paid one and one half times his regular rate as provided by the FLSA, from on or about from July 27, 2013 through on or about December, 2014.

8. Throughout Plaintiff's employment, from on or about July 27, 2013 through on or about December, 2014, Plaintiff worked approximately ten (10) overtime hours each week for which Plaintiff was not paid one and one half times his regular rate as provided by the FLSA.

9. Plaintiff's overtime rate is $36.06 ($24.04 x 1.5) during the relevant time period from on or about July 27, 2013 through on or about December, 2014.

10. As such, Plaintiff is owed approximately $27,045 ($36.06 overtime time rate x 10 overtime hours x 75 weeks) in **unliquidated** overtime wages, as well as an additional equal amount as liquidated damages namely totaling $54,090 and reasonable attorney fees and costs.

11. Nature of Wages: The nature of the wages owed by Defendants to Plaintiff: Overtime wage.

| | OVERTIME RATE PER HOUR OWED | APPROX. UNPAID OVERTIME HOURS WORKED PER WEEK | NUMBER OF WEEKS | TOTAL OVERTIME WAGES OWED (unliquidated) |
|---|---|---|---|---|
| DAVID WARD July 27, 2013 -December 2014 | $36.06 | 10 HOURS | 75 WEEKS | $27,045 |

**WHEREFORE**, based on the foregoing, the Plaintiff files this Statement of Claim.

Dated September 16, 2016

Respectfully submitted by,

Rainier Regueiro, Esq.
Florida Bar No. 115578
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
Email: agp@rgpattorneys.com
Email: apetisco@rgpattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 16, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jana M. Leichter
**Cole, Scott & Kissane, P.A.**
Esperante Building
222 Lakeview Avenue
Suite 120
West Palm Beach, FL 33401
561-383-9241
Fax: 561-683-8977
Email: Jana.Leichter@csklegal.com

by: _____
Rainier Regueiro, Esq.
Florida Bar No. 115578